J-S36028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FERNANDO NUNEZ | : | |
| | : | |
| Appellant | : | No. 832 EDA 2017 |

Appeal from the PCRA Order January 20, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0205251-2003

BEFORE:  GANTMAN, P.J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY DUBOW, J.:                    **FILED NOVEMBER 27, 2018**

Appellant, Fernando Nunez appeals *pro se* from the January 20, 2017 Order dismissing his second Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The facts and procedural history are, briefly, as follows.  On July 30, 2004, a jury convicted Appellant of First-Degree Murder, Arson, Criminal Conspiracy, and Possessing Instruments of Crime,[1] arising from the murder of Brian Scott.[2]  On September 22, 2004, the trial court sentenced Appellant to an aggregate term of life plus 10-20 years' imprisonment.  Appellant did not file a Post-Sentence Motion. On June 14, 2006, this Court affirmed

---

[1] 18 Pa.C.S. §§ 2502(a), 3301, 903, and 907, respectively.

[2] Appellant, a drug dealer, killed Scott, one of Appellant's employees, after luring Scott to a remote location, shooting him three times in the back of the head, and then setting fire to the vehicle in which Scott was seated.

Appellant's Judgment of Sentence, and the Pennsylvania Supreme Court denied Appellant's Petition for Allowance of Appeal on November 1, 2006. *See* ***Commonwealth v. Nunez***, 905 A.2d 1047 (Pa. Super. 2006) (unpublished memorandum); *appeal denied*, 911 A.2d 934 (Pa. 2006). Appellant did not seek review by the U.S. Supreme Court. Appellant's Judgment of Sentence, thus, became final on January 30, 2007.[3]

On August 10, 2016, Appellant filed the instant PCRA Petition, his second,[4] in which he raised a claim pursuant to ***Brady v. Maryland***, 373 U.S. 83 (1963), alleging that the Commonwealth had withheld impeachment evidence from him.[5] In support of this claim, Appellant attached to his Petition the statement of a fellow inmate, Russell Chrupalyk, in which Chrupalyk stated that on June 6, 2016, he permitted Appellant to make copies of witness statements from Chrupalyk's unrelated 2003 murder case which indicated that Appellant's girlfriend, April Velez, had been involved in the murder for which Chrupalyk was on trial. Because Velez was the Commonwealth's main witness at Appellant's trial, Appellant averred that the Commonwealth deliberately and intentionally deprived him of a fair trial by failing to turn over those witness

---

[3] *See* 42 Pa.C.S.A. §9545(b)(3) ("[A] judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); U.S. Supreme Court Rule 13.

[4] Appellant's first PCRA Petition, filed in 2007, garnered no relief.

[5] ***Brady*** "requires the prosecution to turn over, if requested, any evidence which is exculpatory and material to guilt or punishment." ***Commonwealth v. Chamberlain***, 30 A.3d 381, 402 (Pa. 2011).

- 2 -

statements that his counsel could have used to demonstrate that Velez had a motive to testify against Appellant or to otherwise impeach her testimony. Appellant claimed that the outcome of his case would have been different if the Commonwealth had disclosed this evidence.

On November 9, 2016, the PCRA court issued a Notice of Intent to Dismiss Appellant's second PCRA Petition without a hearing pursuant to Pa.R.Crim.P. 907, noting that Appellant had failed to invoke an exception to the PCRA's timeliness requirement and that his issues lacked merit. On November 29, 2016, Appellant filed a "Motion for Leave to Amend Second PCRA Petition" in which he indicated that, in his initial second PCRA Petition, he had pleaded the "governmental interference" and "unknown facts" exceptions to the PCRA's timeliness requirement provided in 42 Pa.C.S. §9545(b)(1)(i) and (ii). The court granted Appellant leave to file an Amended second Petition by January 9, 2017.

On January 17, 2017, the PCRA court docketed Appellant's Amended second PCRA Petition,[6] in which Appellant reiterated the claims he raised in his initial second PCRA Petition and invoked by citation the "governmental interference" exception to the PCRA's time-bar. *See* 42 Pa.C.S. § 9545(b)(1)(i).

On January 20, 2017, the PCRA court dismissed Appellant's Amended PCRA Petition. Appellant filed a Motion for Reconsideration, citing the cover

---

[6] Appellant hand-dated the Amended Petition on January 9, 2017, the day it was due.

- 3 -

letter sent with the Order which stated that Appellant had "failed to submit additional information by the January 9, 2017 deadline[.]" Letter, 1/20/17. Appellant disagreed and claimed that the PCRA court had ignored the prisoner mailbox rule and, thus, erred in dismissing his Petition before considering his Amended Petition. Motion, 2/3/17, at 2. Appellant contended that he timely filed his Amended PCRA Petition by giving it to a prison official for mailing on January 9, 2017. *Id.* Appellant annexed to his Motion a copy of a cash slip dated January 9, 2017, reflecting a deduction for postage from his prison account.[7]

On February 21, 2017, Appellant filed a Pa.R.A.P. 1925(b) Statement of Matters Complained of on Appeal. The lower court docket does not reflect that Appellant had filed a Notice of Appeal prior to the court's receipt of the Rule 1925(b) Statement; however, on February 28, 2017, the lower court docketed Appellant's Notice of Appeal and Proof of Service dated February 16, 2017.

On April 11, 2017, this Court issued a Rule directing Appellant to Show Cause why this Court should not dismiss his appeal as untimely. Appellant responded by asserting that he "filed a Notice of Appeal with prison officials on February 16, 2017." Response, 4/24/17, at ¶ 2. Upon receipt of

---

[7] A prison cash slip is an acceptable form of proof of the date a prisoner placed a *pro se* document in the hands of prison authorities for filing. *Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997).

Appellant's response, this Court deferred the timeliness issue to the merits panel.

The PCRA court filed a Rule 1925(a) Opinion on May 18, 2017.[8]

Appellant raises the following four issues on appeal:

1. Did [Appellant] timely file his Notice [of] Appeal?

2. Did the PCRA court commit an error of law or abuse its discretion when failing to act or rule on [Appellant's] February 3, 2017 Motion for Reconsideration under 42 Pa.C.S. § 5505, demonstrating:

   a) His Amended PCRA Petition should have been considered filed on January 9, 2017, consistent with the Prisoner Mailbox Rule;

   b) Any dispute on the Prisoner Mailbox Rule issue should require an evidentiary hearing?

3. Did the PCRA court commit an error of law when failing to apply the Prisoner Mailbox Rule to [Appellant's] Amended PCRA filing before ruling that [Appellant] did not file his Amended PCRA Petition on January 9, 2017?

4. Should [Appellant] be entitled to an evidentiary hearing to offer substantiating evidence in support of his Prisoner Mailbox Rule claims?

Appellant's Brief at 5.[9]

_____

[8] In its Opinion, the court noted that it did not receive notice of Appellant's Amended PCRA Petition until after the court had dismissed the Petition. Opinion, 5/18/17, at 3 n.3. The court further noted that its subsequent review of Appellant's Amended Petition did not change its conclusion that Appellant was not entitled to relief on his claims. *Id.*

[9] We note that this Court granted the Commonwealth four opportunities to file its Brief, with the fourth Order stating that we would not grant the Commonwealth any further extensions. The Commonwealth did not file a Brief. It then filed a Petition for Post-Submission Communication after the

Appellant does not challenge the merits of the trial court's disposition. Rather, each issue raised is based on the court's alleged errors in failing to consider the pleadings he timely filed pursuant to the prisoner mailbox rule.

The prisoner mailbox rule provides that a *pro se* document is deemed filed on the date it is placed in the hands of prison authorities for filing. ***Commonwealth v. Crawford***, 17 A.3d 1279, 1281 (Pa. Super. 2011).

In his first issue, Appellant claims that, pursuant to the prisoner mailbox rule, he timely filed his Notice of Appeal. We agree.

The PCRA court entered its Order dismissing Appellant's PCRA Petition on January 20, 2017. Thus, to be timely, Appellant was required to file his Notice of Appeal on or before February 20, 2017.[10] Pa.R.A.P. 903(a) ("[T]he notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken."). Our review of the record, including the hand-dated Notice of Appeal, Appellant's Monthly Account Statement reflecting a deduction from his account for postage on February 16, 2017, and a February 16, 2017 date-stamped envelope, indicates that, pursuant to the prisoner mailbox rule, Appellant timely filed his Notice of Appeal.

---

case was assigned to this merits panel in an attempt to get its late-filed Brief docketed. This was, in essence, a fifth Motion for an Extension of Time. In light of the Order indicating no further extensions would be granted, we denied the Petition for Post-Submission Communication.

[10] February 19, 2017, the thirtieth day after entry of the Order, fell on a Sunday.

In his remaining, interrelated issues, Appellant challenges the PCRA court's failure to rule on his Motion for Reconsideration and its alleged failure to consider his Amended PCRA Petition before making its decision to dismiss his Petition.

We review an order dismissing a petition under the PCRA by examining whether the court's determination is supported by the evidence of record and is free of legal error. *See Commonwealth v. Halley*, 870 A.2d 795, 799 n.2 (Pa. 2005). We will not disturb the court's factual findings unless there is no support for them in the certified record. *See Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a court may decline to hold a hearing on a petition if it determines the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence. *See Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa. Super. 2001).

Before we may consider the merits of Appellant's claim, we must determine whether there is jurisdiction to consider the PCRA petition. "The timeliness of a post-conviction petition is jurisdictional." *Commonwealth v. Furgess*, 149 A.3d 90, 92 (Pa. Super. 2016) (citation omitted). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment became final unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in Section 9545(b)(1) of the

PCRA,[11] and the petitioner filed the petition within 60 days of the date the exception could first have been presented.[12] *Id.* Here, Appellant's judgment of sentence became final in 2007, after our Supreme Court denied review and the period to petition the United States Supreme Court subsequently expired. Appellant's current PCRA Petition filed in August 2016, is patently untimely.

In his PCRA Petition, Appellant invoked, albeit without citation to the PCRA, the "governmental interference" and "newly discovered facts"

_____

[11] **(b) Time for filing petition.-**

(1) Any petition under this sub-chapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

[12] **See** 42 Pa.C.S § 9545(b)(2).

exceptions to the PCRA's timeliness requirement. *See* 42 Pa.C.S. § 9545(b)(1)(i) and (ii). In his Amended PCRA Petition, Appellant appears to only have asserted the "governmental interference" exception to the time-bar.[13] In particular, Appellant claimed that he filed his initial Second Petition on August 5, 2016, within 30 days of his June 6, 2016 encounter with Russell Chrupalyk wherein Appellant discovered that the Commonwealth withheld or suppressed material impeachment evidence from his trial counsel. Amended Petition, 1/17/17, at 4. In any case, because Appellant has proffered the same evidence to support both claims, we consider whether Appellant successfully pleaded and proved the applicability of either one in his Petition and Amended Petition.

To demonstrate the governmental interference exception, "the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008) (citation omitted).

To claim the newly discovered facts exception, a petitioner must plead and prove that "the facts upon which the claim is predicated were unknown to

---

[13] In his Brief to this Court, Appellant refers to Section 9545(b)(1)(i) only to reiterate that he pleaded its applicability in his Amended Petition. Appellant does not attempt to plead and prove the applicability of the "governmental interference" exception in his Brief. Rather, he focuses solely on his claim that the PCRA court erred in dismissing his Petition without considering his Amended Petition. *See* Appellant's Brief at 13.

the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii). "[D]ue diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." *Commonwealth v. Brown*, 141 A.3d 491, 506 (Pa. Super. 2016) (citation omitted).

Appellant's invocation of these exceptions to the PCRA's time bar fails. Our review of Appellant's Petition and Amended Petition reveals that Appellant failed to plead or prove that he could not have obtained the information upon which his claim is based with the exercise of due diligence. In fact, in his Petition, Appellant conceded that his trial attorney may have been aware of the witness statements implicating Ms. Velez in an unrelated crime, but Appellant failed to describe the process he undertook to unearth this alleged impeachment evidence after his trial. Petition, 8/10/16, at 3.

Consequently, we find Appellant has failed to prove he acted with due diligence in discovering these allegedly new facts and governmental interference. Accordingly, we lack jurisdiction to consider the issues raised in Appellant's untimely PCRA Petition and affirm the order dismissing his PCRA petition as untimely.[14]

---

[14] The PCRA court's Rule 1925(a) Opinion indicates that the court considered the substantive issues that had been raised by Appellant in both his initial and Amended Petitions, and found them lacking merit. *See* PCRA Ct. Op., 5/18/17, at 4-6 (concluding that: (1) the information about the alleged

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/27/18

_____

involvement of April Velez in the Chrupalyk murder trial does not meet the after-discovered evidence test because it would have been used solely for impeachment purposes; (2) even if the evidence were known, it would not likely have resulted in a different verdict if a new trial were granted because of the wealth of other evidence in support of Appellant's conviction; and (3) Appellant failed to demonstrate that "the lack of the speculative information contained in the police statements of Alexis Gomez and Marilyn Colon in an unrelated homicide case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place, particularly in light of the other evidence produced at trial."). Thus, the record and the PCRA court's Opinion bely Appellant's claim that the court failed to consider the issues raised by Appellant in his Amended Petition or that the court erred in failing to rule on his Motion for Reconsideration of the Order dismissing his Petition.